## SAMUEL S. FELDMAN et al. v. SAMUEL STOLTZ.
### [No. 98, October Term, 1928.]

*Decided January 31st, 1929.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*F. Leonard Wailes* and *Stanley G. Robins,* with whom was *Alexander M. Jackson* on the brief, for the appellants.

*Hooper S. Miles,* with whom were *Miles & Bailey* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The parties to this appeal are the respective owners of properties on two sides of an alley in Salisbury, the appellants on the south side and the appellee on the north; and the appellants have applied for an injunction to restrain encroachment on the bed of the alley by the wall of a new building being erected by the appellee, alleging an obstruction of their use of the alley by it.

It appears that the alley was a public right of way, established by user only, originally running in from the street in front of these two properties to a dock which once existed on a branch of the Wicomico River to the west, in the rear. The controversy is principally one over the location of the lines of the alley. The alley was never laid out on definite lines, and the location is to be determined now by the establishment of the lines of the properties on either side, as defined in conveyances and in buildings. And the testimony leaves these sources of information somewhat indefinite.

The appellants adduced testimony to measure the width and location of the alley from the lines of former construction on the appellee's property, from old surveys made of it by one of the witnesses, and upon a declaration of a former owner locating his line. This testimony did not fix the line exactly, a margin of doubt of several inches being testified to; and it gave the alley a width varying from that shown on some earlier surveys, giving it now a uniform width of 17½ feet, whereas earlier surveys gave it different widths in different portions. The surveyor who so testified cannot now locate the boundaries on which he made his previous surveys, but from memory of those surveys, and from remaining marks on the land, the relative position of which he recalls, he feels able to estimate that the appellee's wall was encroaching on the bed of the alley from 2 to 2½ feet.

The appellee's testimony was devoted to locating the line on the appellants' own side, by measuring established distances from a street to the south, beyond the far side of the appellants' property. The appellants themselves testified that they had built pilasters 19 inches wide on the alley side of their wall, which was already standing on the line of the side of the dock. And the appellee produced testimony that, measuring from the street corner further south, this resulted in an encroachment on the alley of between 1.59 and 1.89 feet. And it appears that without this encroachment, if it is one, the alley would have about the width for which the appellants contend.

The parties on each side had obtained the sanction of the municipal authorities for the locations of their present structures, the appellants by a quitclaim deed, and the appellee by a special agreement or permission upon his own agreement to bring back his building on the front of his lot to aid in making a wider street.

The trial court concluded that it would not be proper to grant the injunction which the appellants sought, because of the uncertainty in the location of the alley line on the appellee's north side, and the doubt whether the appellants themselves were within their own line on the other side. And this court, too, is of that opinion. We think the location of the north line would need to be more certain to enable a court to fix that line and so as to issue an injunction upon the basis of it. And if the narrowing of the alley, and the obstruction of which the appellants complain, is of their own doing, in the extension of their pilasters, then they cannot, of course, ask the court to compel the appellee to draw back his wall to relieve them of the consequences of it and give them the needed space.

Without entering upon discussion of other questions raised in the case, we are of opinion that the decree of the trial court was correct on the evidence before it.

*Decree affirmed, with costs to the appellee.*